No. 29
PITTS. CINCIN., CHIC. & ST. L. RY. CO. v.
SUGAR et

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1313.  Decided Dec. 2, 1925

1235. VERDICT—Court may reduce verdict with plaintiff's consent, in presence of jury, if the right to reduce after jury has been discharged exists.

ALLREAD, J.

Frank and James Sugar brought an action against the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Co. in the Franklin Common Pleas for damages to a shipment of fruit due to the alleged negligence of the Railway Co. in caring for the refrigerator car in which the shipment was carried.

The jury returned a verdict in favor of Sugar for $1187.61, but upon instruction from the Court and permission by the plaintiff reduced it to $1084.50. The change in the verdict by the court was made a ground for error, and upon prosecution of error, the Court of Appeals held:

1. The change in the verdict by direction of the court was not prejudicial to the Railway Co. The jury had presented a complete verdict for a larger sum.

2. The court might have reserved its action on the amount of the verdict and might have, with consent of Sugar, reduced the verdict after the jury had been discharged.

3. The Court could exercise the same power in the presence of the jury, before the jury's discharge from the consideration of the case.

4. Considering the charge as a whole and not certain isolated paragraphs only, the case

was fairly submitted and no error was contained in the charge.

Judgment affirmed.

Attorneys—Henderson & Burr and Sherman B. Randall for Company; O. H. Mosier for Sugar et; all of Columbus.

No. 30
WEISE v. WEISE

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5959.  Decided Oct. 26, 1925.

293. CONTEMPT—1. Where the evidence is clear that a party is unable to comply with an order of the Court, such party is not guilty of contempt.

2. Where the order of Court is for payment of money, it is error to commit a party to jail for refusal to comply with such order; fine being the only punishment provided.

VICKERY, J.

Katherine Weise obtained an order for alimony of $1000 in the Cuyahoga Common Pleas against her former husband, Aurthur Weise. The alimony was ordered to be paid in installments at the rate of $10 per month. It appears that Aurthur failed to pay as ordered and he was cited for contempt and was committed to jail until he would pay the arrears of $250.00. Error was prosecuted on the ground that under the evidence Weise was not guilty of contempt. The Court of Appeals held:

1. The evidence clearly showed that he had no money and was unable to procure work.

2. This constitutes a good excuse for not complying with the court's order.

3. Contempt of court in such cases is evidenced only by facts showing that the defendant refuses to pay when he could pay or has placed himself in a position where he would be unable to pay, and this is not borne out by the evidence in this case.

4. The statute which provides for commitment to jail until a party complies with an order of court does not apply in cases where the order is for payment of money; in such cases fine is the only punishment. The court below therefore committed error.

Judgment reversed and Arthur Weise discharged.

Attorneys—Reed, Meals, Orgill & Maschke for Weise; Smith, Olds & Smith for Katherine Weise; all of Cleveland.